# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DITECH FINANCIAL LLC,

    Plaintiff

v.

RESOURCE GROUP, LLC, et al.,

    Defendants

Case No.: 2:16-cv-02287-APG-NJK

**Order (1) Granting Plaintiff's Motion for Summary Judgment on Tender, (2) Denying All Other Motions as Moot, and (3) Ordering Grapevine to Show Cause Why Alessi Should Not Be Dismissed**

[ECF Nos. 42, 48, 66, 67, 74]

    Plaintiff Ditech Financial LLC (Ditech) filed this lawsuit to determine whether its deed of trust still encumbers property located at 235 Thompson Drive in Mesquite, Nevada, following a non-judicial foreclosure sale conducted by defendant Grapevine Villas Homeowners' Association (Grapevine). ECF No. 1. Ditech also asserts a wrongful foreclosure claim against Grapevine. *Id.* Grapevine filed a third party complaint against its foreclosure agent, Alessi & Koenig LLC (Alessi), in the event that Grapevine is liable in damages to Ditech. ECF No. 23. Defendant Resource Group, LLC is the current property owner. Resource Group counterclaims for a declaration that Grapevine's foreclosure sale extinguished the deed of trust. ECF No. 64.

    The parties are familiar with the facts, and I will not repeat them here except where necessary to resolve the motions. Because Ditech tendered the superpriority amount, it is entitled to judgment as a matter of law on its own declaratory relief claim and on Resource Group's counterclaims. And because the deed of trust was not extinguished, Ditech's damages claim against Grapevine is moot. I therefore grant summary judgment in favor of Ditech and

against Resource Group and deny all other pending motions as moot. I also direct Grapevine to show cause why its claims against Alessi should not be dismissed for failure to prosecute.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

There is no dispute that Bank of America, N.A. paid the superpriority amount in full. The monthly homeowners association (HOA) assessment was $34.00 per month. ECF No. 67-8 at 15-16. Prior to the HOA foreclosure sale, Bank of America tendered $979.33 to cover both the superpriority amount and some collection costs. *Id.* at 18-20. There is no evidence Grapevine recorded a second notice of delinquent assessment lien that might have triggered a second superpriority lien. *See Prop. Plus Investments, LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc). The superpriority lien therefore was extinguished, and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

Resource Group did not oppose Ditech's motion for summary judgment on tender, but it argues in some of its other filings that Ditech is not entitled to equitable relief and that Resource Group is a bona fide purchaser. However, a valid tender discharges the superpriority lien "by operation of law." *Id.* at 120. Thus, Ditech need not resort to equity to prevail on tender. Further, Resource Group's status as a bona fide purchaser is irrelevant because the tender rendered the HOA sale void as to the superpriority lien. *Id.* at 121.

In sum, the valid tender cured the default as to the superpriority portion of the HOA's lien, so the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion. As a result, the property remains subject to the deed of trust. Because the deed of trust was not extinguished and Ditech asserted its wrongful foreclosure claim against Grapevine as an alternative means of relief in the event that its deed of trust was extinguished,[1] that claim is now moot.

---

[1] ECF No. 1 at 11 (alleging that "to the extent that the Deed of Trust is deemed to have been extinguished by the HOA Sale, . . . the HOA is liable in damages . . .").

That leaves Grapevine's third party claims against Alessi.  No summons was ever issued as to Alessi and there is no proof of service on Alessi.  I therefore order Grapevine to show cause why its claims against Alessi should not be dismissed for failure to prosecute.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Ditech Financial LLC's motion for summary judgment **(ECF No. 67) is GRANTED**.  The clerk court of court is instructed to enter judgment in favor of plaintiff Ditech Financial LLC and against defendant Resource Group, LLC as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on October 2, 2013 did not extinguish Ditech Financial LLC's interest in the property located at 235 Thompson Drive in Mesquite, Nevada, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that plaintiff Ditech Financial LLC's wrongful foreclosure claim against defendant Grapevine Villas Homeowners' Association is DISMISSED as moot.

IT IS FURTHER ORDERED that all other pending motions **(ECF Nos. 42, 48, 66, 74) are DENIED as moot**.

IT IS FURTHER ORDERED that on or before June 28, 2019, defendant Grapevine Villas Homeowners' Association shall show cause in writing why its third party claims against Alessi & Koenig LLC should not be dismissed for failure to prosecute.

DATED this 11th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE